UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>URIEL ALEJANDRES-SANTA CRUZ, CARLOS ESPINOZA-SALGADO, and PEDRO ORIZ-CASTILLO,<br><br>Defendants. | NO. CR-08-2089-RHW-1<br>CR-08-2089-RHW-2<br>CR-08-2089-RHW-3<br><br>**ORDER ADDRESSING PRETRIAL MOTIONS; DENYING MOTION TO SUPPRESS** |

A pretrial conference was held on January 20, 2009. Defendant Uriel Alejandres-Santa Cruz was represented by Michael Lynch; Defendant Carlos Espinoza-Salgado was represented by Brian Sanderson; Defendant Pedro Oriz-Castillo was represented by Troy Lee. The Government was represented by Shawn Anderson. Before the Court were a number of pretrial motions, including Defendant Alejandres-Santa Cruz's Motion to Suppress (Ct. Rec. 76).

Defendant is challenging the issuing of two search warrants in Yakima County Superior Court. The first search warrant was issued on July 24, 2008, and was signed by Judge Michael Schwab, Superior Court Judge in Yakima County. The search warrant authorized the search of two parcels, each containing a vineyard. The warrant specifically stated that the warrant did not permit the search of the residence adjoining the parcels.

**ORDER ADDRESSING PRETRIAL MOTIONS; DENYING MOTION TO SUPPRESS ~ 1**

LEAD Task Force officers executed the search warrant on July 25, 2008.[1] They observed marijuana plants growing in the vineyards. They used the information obtained during the execution of the first search warrant to obtain a second warrant to search the residence located near the vineyard. The second search warrant was executed on July 29, 2008.

Defendants argue that there was insufficient probable cause for the judge to issue the warrant and that certain information contained in the warrant was too stale for the issuing judge to consider. Defendants argue that the second search warrant was based on the same information as the first with the additional evidence obtained from the execution of the first warrant. As such, the evidence seized as a result of the executions of both search warrants should be suppressed.

The Government argues that Defendants lack standing to challenge the issuance of the search warrant. The Government points out that the property was owned by Darlene Dahlin, and was leased to Carlos Ruiz, who is actually co-Defendant Pedro Oriz Castillo.[2]

To establish standing to challenge the legality of a search or seizure, Defendants must demonstrate that they have a "legitimate expectation of privacy" in the items seized or the area searched. *United States v. Sarkisian*, 197 F.3d 966, 986 (9th Cir. 1999). To demonstrate this, Defendants must manifest a subjective expectation of privacy in the area searched, and their expectation must be one that society would recognize as objectively reasonable. *Id.* Defendants have the burden of establishing that, under the totality of the circumstances, the search or seizure violated their legitimate expectation of privacy in the vineyard. Mere

---

[1] LEAD Task Force is the Law Enforcement Against Drugs multi-jurisdictional task force.

[2] On October 19, 2008, the Court granted co-Defendant Pedro Oriz-Castillo's Motion to Join in the Motions of Co-Defendants.

**ORDER ADDRESSING PRETRIAL MOTIONS; DENYING MOTION TO SUPPRESS ~ 2**

presence at a place to search does not automatically confer standing. *Rakas v. Illinois*, 439 U.S. 128, 142-43 (1978). Moreover, "Fourth Amendment rights may not be vicariously asserted." *Martinez v. Nygaard*, 831 F.2d 822, 825 (9th Cir. 1987).

Here, there is no evidence that Defendants Alejandres-Santa Cruz and Espinoza-Salgado paid rent or were signatories on the lease for the vineyard. There is nothing in the record to suggest that these Defendants had a reasonable expectation of privacy with respect to the vineyard. Moreover, neither of these Defendants are claiming any interest in the items seized.[3] There is nothing in the record to suggest that these Defendants had joint control or supervision of the vineyard.

The Court finds that Defendants Alejandres-Santa Cruz and Espinoza-Salgado have not established that they have a reasonable expectation of privacy with respect to the vineyard. As such, they do not have standing to challenge issuance of the search warrant.

The analysis with respect to co-Defendant Pedro Oriz Castillo is different. Although he joined in the motion to suppress, he did not present any evidence that he had a reasonable expectation of privacy in the vineyard. Defendant Oriz Castillo did not present evidence of a property interest in the vineyard, but the Government indicates that he is the leaseholder and the Court will assume the same.

A vineyard normally qualifies as an open field, which is not afforded any Fourth Amendment protections. *See Oliver v. United States*, 466 U.S. 170, 177-

---

[3]When executing the second search warrant, the agents seized 22,660 marijuana plants from the vineyard and property. They seized from the residence a loaded rifle, loaded shotgun, and two loaded handguns, along with marijuana seeds.

**ORDER ADDRESSING PRETRIAL MOTIONS; DENYING MOTION TO SUPPRESS** ~ 3

178 (1984) (holding that the open fields doctrine permits police officers to enter and search a field without a warrant because there is no societal interest in protecting the privacy of activities, such as the cultivation of crops, that occur in open fields). Defendants have not argued that the vineyard somehow meets the definition of curtilage, which would receive Fourth Amendment protections.[4] No other evidence was presented by Defendant Oriz Castilo that would suggest that the vineyard was fenced, although the search warrant affidavit indicated that there were several no-trespassing signs posted near the residence and along the vineyard that ran to the south of the residence. Even if the vineyard was bounded on all sides by a fence and had posted no-trespassing signs, Defendant would not have a legitimate expectation of privacy in the vineyard. *See Oliver, id.* at 178 (holding that "an individual may not legitimately demand privacy for activities conducted out of doors in fields, except in the area immediately surrounding the home."). Also, it is irrelevant that the officers did not have permission to be at the vineyard. *Id.* at 183-84. Because the second search warrant relied on observations of the officers obtained while on the open field (the vineyard), the judge did not err in issuing the second search warrant. These observations provide sufficient probable cause for the issuance of the second search warrant for the adjoining residence and two parcels.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Alejandres-Santa Cruz's Motion to Suppress Evidence (Ct. Rec. 76) is **DENIED**.

2. Defendant Alejandres-Santa Cruz's Motion for Disclosure (Ct. Rec. 46) is **DENIED**, as moot.

---

[4]Curtilage is defined as "the area to which extends the intimate activity associated with the 'sanctity of a man's home and the privacies of life'" *Oliver*, 466 U.S. at 180.

**ORDER ADDRESSING PRETRIAL MOTIONS; DENYING MOTION TO SUPPRESS ~ 4**

3. Defendant Alejandres-Santa Cruz's Motion for Disclosure of Brady Materials (Ct. Rec. 48) is **DENIED**, as moot.

4. Defendant Alejandres-Santa Cruz's Motion for Discovery (Ct. Rec. 50) is **DENIED**, as moot.

5. Defendant Alejandres-Santa Cruz's Second Motion for Discovery (Ct. Rec. 96) is **DENIED**, as moot.

6. Defendant Carlos Espinoza-Salgado's Motion for Discovery (Ct. Rec. 43) is **DENIED**, as moot.

7. Defendant Pedro Oriz-Castillo's Motion to Disclose Identity of Confidential Informants and Compel Disclosure of Informant Information (Ct. Rec. 55) is **DENIED**.

8. Defendant Pedro Oriz-Castillo's Motion for Discovery (Ct. Rec. 57) is **DENIED**, as moot.

9. Defendant Pedro Oriz-Castillo's Motion for Disclosure of 404 & 609 Evidence (Ct. Rec. 59) is **DENIED**, as moot.

10. Defendant Pedro Oriz-Castillo's Motion for Severance of Defendants Cases for Trial (Ct. Rec. 61) is **DENIED**, with leave to renew.

11. Defendant Pedro Oriz-Catillo's Motion to Compel Grand Jury Transcripts (Ct. Rec. 64) is **DENIED**.

12. The jury trial currently set for February 2, 2009, will begin on January 30, 2009, in Yakima, Washington. Counsel shall appear in chambers at 8:30 a.m. in the first day of trial.

///
///
///
///
///
///

**ORDER ADDRESSING PRETRIAL MOTIONS; DENYING MOTION TO SUPPRESS ~ 5**

1  **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2  order and to provide copies to counsel.
3    **DATED** this 23rd day of January, 2009.
4
5
      *s/Robert H. Whaley*
6
      ROBERT H. WHALEY
7        Chief United States District Judge
8
9
10  Q:\CRIMINAL\2008\08-2089\motions.wpd
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER ADDRESSING PRETRIAL MOTIONS; DENYING MOTION TO SUPPRESS ~ 6**